## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| METZ CULINARY MANAGEMENT, LLC | CASE NO. 1:24-CV-00005-SO |
| | JUDGE SOLOMON OLIVER, JR. |
| Plaintiff, | |
| vs. | **DEFENDANT LAKE ERIE COLLEGE'S ANSWER AND COUNTERCLAIM** |
| LAKE ERIE COLLEGE | |
| Defendant | |

Now comes Lake Erie College (hereinafter "LEC") by and through its undersigned counsel, Dworken & Bernstein Co., LPA and for its Answer to the Complaint of and Counterclaim against Metz Culinary Management, LLC, fka Metz Culinary Management, Inc. (hereinafter "Metz") states as follows:

### THE PARTIES

1. LEC denies the allegations in Paragraph 1 of Metz's Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

2. LEC denies the allegations in Paragraph 2 of Metz's Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

3. LEC admits the allegations contained in Paragraph 3 of Metz's Complaint.

## JURISDICATION AND VENUE

4. LEC admits the allegations contained in Paragraph 4 of Metz's Complaint.

5. LEC admits the allegations contained in Paragraph 5 of Metz's Complaint.

## FACTS

6. LEC admits the allegations contained in Paragraph 6 of Metz's Complaint.

7. LEC admits the allegations contained in Paragraph 7 of Metz's Complaint.

8. LEC admits the allegations contained in Paragraph 8 of Metz's Complaint.

9. LEC admits the allegations contained in Paragraph 9 of Metz's Complaint.

10. LEC admits the allegations contained in Paragraph 10 of Metz's Complaint.

11. LEC admits the allegations contained in Paragraph 11 of Metz's Complaint.

12. LEC admits the allegations contained in Paragraph 12 of Metz's Complaint.

13. LEC admits the allegations contained in Paragraph 13 of Metz's Complaint.

14. LEC admits the allegations contained in Paragraph 14 of Metz's Complaint.

15. LEC admits the allegations contained in Paragraph 15 of Metz's Complaint.

16. LEC admits the allegations contained in Paragraph 16 of Metz's Complaint.

17. LEC admits the allegations contained in Paragraph 17 of Metz's Complaint, but, by way of further answer, state that Metz breached its contractual obligations under the terms of the contract thereby mitigating LEC's obligation to pay the amounts claimed by Metz.

18. LEC admits the allegations contained in Paragraph 18 of Metz's Complaint.

19. LEC admits the allegations contained in Paragraph 19 of Metz's Complaint, but, by way of further answer, state that Metz breached its contractual obligations under the terms of the contract thereby mitigating LEC's obligation to pay the amounts claimed by Metz.

## COUNT ONE

### (**Reformation of Contract**)

20. LEC realleges and reavers each and every admission, denial and affirmative statement contained in Paragraphs 1-19 of this Answer as if fully rewritten herein.

21. LEC denies the allegations contained in Paragraph 21 of Metz's Complaint.

22. LEC denies the allegations contained in Paragraph 22 of Metz's Complaint.

23. LEC denies the allegations contained in Paragraph 23 of Metz's Complaint.

24. LEC denies the allegations contained in Paragraph 24 of Metz's Complaint.

25. LEC denies the allegations contained in Paragraph 25 of Metz's Complaint.

## COUNT TWO
### (Breach of Contract)

26. LEC realleges and reavers each and every admission, denial and affirmative statement contained in Paragraphs 1-25 of this Answer as if fully rewritten herein.

27. LEC denies the allegations contained in Paragraph 27 of Metz's Complaint.

28. LEC denies the allegations contained in Paragraph 28 of Metz's Complaint.

29. LEC denies the allegations contained in Paragraph 29 of Metz's Complaint.

## COUNT THREE
### (Promissory Estoppel)

30. LEC realleges and reavers each and every admission, denial and affirmative statement contained in Paragraphs 1-29 of this Answer as if fully rewritten herein.

31. LEC denies the allegations contained in Paragraph 31 of Metz's Complaint.

32. LEC denies the allegations contained in Paragraph 32 of Metz's Complaint.

33. LEC denies the allegations contained in Paragraph 33 of Metz's Complaint.

## COUNT FOUR
### (Unjust Enrichment)

34. LEC realleges and reavers each and every admission, denial and affirmative statement contained in Paragraphs 1-33 of this Answer as if fully rewritten herein.

35. LEC denies the allegations contained in Paragraph 35 of Metz's Complaint.

36. LEC denies the allegations contained in Paragraph 36 of Metz's Complaint.

37. LEC denies the allegations contained in Paragraph 37 of Metz's Complaint.

38. LEC denies the allegations contained in Paragraph 38 of Metz's Complaint.

### AFFIRMATIVE DEFENSES

1. Metz's Complaint fails to state a claim upon which relief may be granted.

2. Metz's Complaint fails pursuant to the doctrine of waiver and estoppel.

3. Metz's Complaint fails pursuant to the doctrine of set off.

4. Metz's Complaint fails as a result of Metz's unclean hands.

5. Metz's claims fail on the grounds that LEC's obligations were excused by Metz's material breach of their obligations under the contract.

## COUNTERCLAIM

39. LEC realleges and reavers each and every admission, denial and affirmative statement contained in Paragraphs 1-38 of this Answer as if fully rewritten herein.

40. In Paragraph 1.6 of the Contract, Metz agreed to "furnish any and all necessary qualified personnel ("the Metz Personnel") to operate the program. Metz shall be responsible for recruiting, hiring, employing, compensating, training, supervising and managing all Metz personnel under this agreement."

41. Throughout the contract, Metz failed to furnish sufficient qualified personnel to operate the programs efficiently.

42. The Storm Café and Lincoln Lounge were often closed and only open during very limited hours due to Metz being unable to provide sufficient staff to keep them open.

43. LEC was billed for considerable sums during the term of the Contract for overtime hours worked by Metz personnel due to Metz inability to maintain adequate staffing levels.

44. The foregoing constitutes a breach of Metz's obligations to furnish any and all necessary qualified personnel as required by Paragraph 1.6 of the Contract.

45. Pursuant to Sections 1.8 of the Contract, Metz was obligated to "order quality food".

46. Throughout the term of the Contract, LEC expressed multiple complaints regarding the quality of the food being served by Metz.

47. Metz breached its obligations under the Contract to order quality food be served at LEC.

48. Under Section 2.2 of the contract Metz's "services and pricing for catered events and special functions shall be mutually agreed upon by the parties."

49. During the term of the Contract, LEC repeatedly requested that catering menus or proposals be submitted so that LEC and Metz could agree on the food being provided and the costs of said food ahead of time.

50. Metz consistently failed to provide menus or costs prior to events, and simply billed LEC for whatever was provided after the events.

51. Metz's handling of catered events and special functions was conducted in violation of their obligations to reach a mutual agreement with LEC prior to the event.

52. Section 5.1 of the Agreement provides that Metz agrees "to comply with all applicable laws and will operate the program and provide the services in accordance with good sanitation practices and as mandated by federal and state laws and regulations and local regulations and ordinances applicable to the program."

53. During the term of the Contract, Metz regularly purchased alcohol on behalf of LEC and served alcohol at LEC events.

54. Upon the hiring of a new food vendor after Metz terminated LEC's contract, LEC learned that Metz had never acquired a liquor license for LEC.

55. Metz's purchase of alcohol on behalf of LEC and/or serving alcohol at LEC events without a liquor license was a violation of Metz's obligations under Section 5.1 of the contract.

## COUNT ONE

## BREACH OF CONTRACT

56. LEC realleges and reavers each and every admission, denial and affirmative statement contained in Paragraphs 1-55 of this Answer as if fully rewritten herein.

57. As set forth above, Metz failed to satisfactorily perform all of its obligations under the contract.

58. Metz's failure to perform its obligations under the terms of the contract constituted a breach of that contract.

59. As a direct and proximate result of Metz's breach of the contract, LEC has sustained damages in an amount in excess of $25,000.00.

WHEREFORE, for the foregoing reasons, LEC respectfully requests relief as follows:

A. Judgment be entered in LEC's favor on Metz's Complaint;

B. LEC be awarded a judgment in excess of $25,000.00 in connection with its Counterclaim;

C. LEC be awarded reasonable attorneys' fees;

D. LEC be awarded pre and post judgment interest;

E. This Court enter any further relief as it deems appropriate.

Respectfully submitted.

/s/ Richard N. Selby, II
RICHARD N. SELBY, II (#0059996)
rselby@dworkenlaw.com
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, OH 44077
(440) 352-3391
Attorney for Defendant Lake Erie College

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of February, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Richard N. Selby, II
*Counsel for Lake Erie College*